UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| CHARLES A. GAINES | * | CIVIL ACTION NO: |
| VERSUS | * | JUDGE: |
| PINNACLE PROJECT SERVICES, INC. and OCEANEERING INTERNATIONAL, INC. | * | MAG. JUDGE: |

***********************************************************************************

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Charles A. Gaines ("Gaines"), a natural person of the full age of majority and domiciled in the Parish of Lafayette, State of Louisiana, and, for his complaint, respectfully avers:

I.

### Jurisdiction

This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this case involves a federal question arising under 46 U.S.C. § 30104, otherwise known as the Jones Act. This Court further has jurisdiction over this matter in diversity pursuant to 28 U.S.C. § 1332. The plaintiff is a citizen of the State of Louisiana and the defendants are citizens of and have principal places of business in states other than Louisiana. The amount in controversy exceeds the jurisdictional amount. This Court further has jurisdiction over this matter pursuant to 28 U.S.C. §1333 as a matter involving and arising under the general maritime law.

II.

### Venue

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1).

III.

Made defendant herein is Pinnacle Project Services, Inc. ("Pinnacle"), a Texas corporation having a principal place of business in the State of Texas.

IV.

Also made defendant herein is Oceaneering International, Inc. ("Oceaneering"), a Delaware corporation having a principal place of business in the State of Texas.

V.

This is a civil action at law for personal injury damages sustained by Gaines arising out of an accident which occurred on April 7, 2015 while onboard the SDSV Ocean Patriot, a 240 foot DP-2 saturation diving support vessel owned by defendant, Oceaneering, and while employed by defendant, Pinnacle.

VI.

Gaines has a long career as a diver, diver superintendent and most recently as a senior construction coordinator for Pinnacle. Gaines began employment for Pinnacle in April, 2014 and spent the entirety of his employment with Pinnacle working on the Delta House Project, a large subsea oil and gas distribution pipeline. Initially, Gaines worked on the DNV Uncle John, a semi-submersible, dynamic positioning, saturation diving support vessel. However, in early 2015, job duties for Pinnacle changed and Gaines was assigned to work on the Ocean Patriot. Gaines remained assigned to the Ocean Patriot until the date of the accident, April 7, 2015.

VII.

Gaines is a seaman under 46 U.S.C. § 30104, the Jones Act. One hundred percent of Gaines' time was spent onboard a vessel, contributing to the function of the vessel and accomplishment of its mission.

VIII.

On April 7, 2015, while preparing to begin work, Gaines had occasion to use the restroom facility which was located inside of his living quarters onboard the vessel Ocean Patriot. In order to enter and exit the restroom, there is an approximate three inch step up and step down across the threshold. While exiting the restroom, Gaines fell to the floor, sustaining the injuries complained of in this litigation.

IX.

The accident and injuries complained of occurred due to a defect in the threshold and step which was constructed contrary to industry standards.

X.

Considering the defect described above, the defendant, Oceaneering, provided a vessel that was unseaworthy and not reasonably fit for its intended purpose. The unseaworthy condition played a substantial part in causing Gaines' injury and the injury was a direct and/or reasonably probable consequence of the unseaworthiness of the vessel.

XI.

In addition, the defendant, Pinnacle, was at fault or responsible for the accident and injuries complained of in the following non-exclusive particulars:

    a.    Failure to provide Gaines a safe place to work;

    b.    Failure to discover a defect in Gaines' living quarters;

    c.    Failure to remedy the defect in Gaines' living quarters; and

    d.    Any negligence which will be proven at the trial of this matter.

XII.

As a result of the accident complained of, Gaines sustained injuries to his lumbar spine including, but not limited to, aggravation of lumbar spinal stenosis.

XIII.

Gaines requests and is entitled to an award of damages for physical pain and suffering, disability, mental anguish, medical expenses, lost wages, lost earning capacity and loss of enjoyment of life.

XIV.

Gaines requests and is entitled to trial by jury as to all matters herein.

WHEREFORE, the plaintiff, Charles A. Gaines, respectfully prays that the defendants, Pinnacle Project Services, Inc. and Oceaneering International, Inc., be duly served with a copy of the Complaint, cited to appear and answer same, and that after all legal delays and due proceedings are had, that there be judgment herein in favor of Charles A. Gaines and against the defendants for all damages reasonable in the premises. Charles A. Gaines further prays for trial by jury and for all general and equitable relief.

Respectfully submitted,

**Davidson, Meaux, Sonnier, McElligott Fontenot, Gideon & Edwards**

_____
DAVID J. CALOGERO #1748
810 South Buchanan
Post Office Box 2908
Lafayette, LA  70502-2908
Ph: (337)237-1660; Fax: (337) 237-3676
**Attorneys for Charles A. Gaines**